## SANTEE RIVER CYPRESS LUMBER CO. *v.* JAMES *et al.*

*(Circuit Court, D. South Carolina. April 30, 1892.)*

1. FEDERAL COURTS—FOLLOWING STATE DECISIONS—ADVERSE POSSESSION — COLOR OF TITLE.
   The law of the states as to possession of lands under color of title, being a rule of property, are of controlling authority in the federal courts.

2. ADVERSE POSSESSION—COLOR OF TITLE.
   In South Carolina, when one enters on a body of land under color of title, the actual possession of a part is the possession of the whole, except such parts as are in actual possession of others.

3. INJUNCTION—POSSESSION OF LANDS.
   Plaintiff, being in possession of a large tract of timber land under color of title, and engaged with numerous laborers in getting out logs for his lumber mill, in which a large capital is invested, and which is dependent upon this tract for a supply of logs, is entitled to a temporary injunction against one who, under claim of title, with force and firearms, enters upon the tract, destroys plaintiff's logging implements, and spreads terror among his workmen; but as a court of equity cannot determine the title to the land the parties will be required to frame an issue of law on that question, to be tried to a jury, pending the injunction.

In Equity. Bill by the Santee River Cypress Lumber Company against R. B. James and others for an injunction against interfering with the possession of certain lands. Temporary injunction continued.

*Smythe & Lee* and *E. W. Moise,* for complainant.

*M. C. Galluchat* and *A. G. Magrath,* for defendants.

SIMONTON, District Judge. The bill was filed for an injunction. The complainant, claiming to be in peaceful possession of a tract of land, alleges that the defendant, with actual force and firearms, entered upon its premises, destroyed its boats, drove away its laborers, terrorized and demoralized its labor, caused a temporary suspension of its operations, and threatened complete destruction of them. A temporary injunction was granted to prevent a flagrant breach of the peace, which seemed imminent. Leave was reserved to defendants to move to set it aside on short notice. Defendants have answered, and admitted the entry, justifying it under claim of ownership. The testimony in the cause has been taken. It appears that the complainant purchased and holds under conveyance in fee simple a body of swamp land consisting of several adjacent tracts of land lying along the Santee river, containing in all some 13,000 acres. A plat was made of the land in one body, and it, with the deed, was duly recorded. The land is valuable only for the timber upon it, and is overflowed every freshet in the river. This land was purchased for the purposes of a lumber business in which complainant is engaged. It has erected lower down the river a large mill for preparing lumber for market, attached to which is a pond in which logs are kept for use. The operations of this mill are dependent upon the supply of lumber from the 13,000 acres of land. This is cypress, in a swamp which cannot be traversed by wheeled vehicles. It is traversed by small creeks and water ways. The complainant had dug out these creeks and waterways, and had constructed canals, one leading through the length

of the tract. The mode of operation is first to kill the trees by girdling them. After they have died, they are cut down, and whenever a freshet occurs and fills the water ways the logs are floated out of the swamp, carried by the river to the mill, and stored in the pond. Thus the mill and these forests constitute the enterprise. Any interruption in felling and floating the timber tends to shut down the mill and stop the enterprise. The capital invested is very large,—claimed to be $300,000. The adventure is an experiment. The complainant, for the purposes of the work, has formed camps in several parts of the large tract, from which the laborers go out to their daily task of girdling and felling trees. For this purpose they use small boats, of which they had a considerable number, owned by complainant.

The defendants, denying in their answer all claim of title in complainant, setting up title in themselves, in the evidence lay claim to two tracts, alleged to be part of the entire tract, of 1,000 acres each. As evidence of title they produce two grants, dated in the last century, to the ancestor, as they claim, of the defendants Robert B. James, and David W. Brailsford. They never were in actual possession of the land until the day of their entry upon it. Indeed, their evidence goes to show that the land never was in actual occupancy of any one. The possession which they could claim, then, was only constructive possession, which the law will presume when legal title is established. Code Civil Proc. S. C. § 101; *Moseley* v. *Hankerson*, 25 S. C. 524.

The first question is, was the complainant in possession of the entire tract, including, if it does include, these two 1,000-acre tracts? The preponderance of the evidence shows that it was in the exercise of acts of ownership on that part of the tract which one of the grants is claimed to cover, cutting timber and girdling trees, digging the main channel, of which these particular tracts are the key. But, without such acts, complainant was in possession. The law of the state of South Carolina upon this subject, being a rule of property, controls this court. When one enters upon a body of land under color of title the actual possession of a part is the possession of the whole tract, except such parts thereof as are in actual possession of some one else. *McColman* v. *Wilkes*, 3 Strob. 470; *Gourdin* v. *Davis*, 2 Rich. Law, 481. The complainant entered with its deed and plat, duly recorded, as color of title, showing the full quantity of its claim. It erected camps in various places, removed the soil, cut down trees, and girdled a large number. The possession was open and notorious. At times there were employed over 300 men at work in the swamp. No one else was in actual occupancy of any part of the tract. The entry of defendants in the manner charged was not denied. They justify by title. In this court the title to the land cannot be determined. The only questions are, was the possession disturbed? Were the circumstances such as call for the extraordinary remedy of this court? This court cannot interfere unless the injury threatened is of such a character as cannot be compensated in an action at law,—is irreparable. *Jerome* v. *Ross*, 17 Johns. Ch. 315. We have seen that in the operations of the company the mill and forests were in-

dependent parts of one whole.    In order to keep up the enterprise, there must be a full supply of lumber to the mill, and if this be suspended or stopped the enterprise, in which large capital was embarked, must fail. The acts of the defendants, not confined to a peaceful entry and claim, but accompanied with actual force, with firearms, and the destruction of the boats of the complainant, were calculated to excite alarm among the colored people engaged by complainant; to terrorize them, to the last degree; to demoralize and disperse them; and to deter others from taking their places.    This would result in destruction to the whole enterprise.    No damages which could be recovered in any action of trespass could compensate for this.    The injunction must be continued until the further order of the court.    *Erhardt* v. *Boaro*, 113 U. S. 536, 5 Sup. Ct. Rep. 560; *Irwin* v. *Dixion*, 9 How. 9.    But this will not do exact justice between these parties.    The defendants should have an opportunity of establishing such rights as they have.    Let an issue be made up on the the law side of this court, and tried before a jury therein.    Let that issue be whether the defendants Robert B. James and David W. Brailsford, or either of them, have any title to the lands claimed by the complainant, or any part or parts thereof, and the nature and extent of that title.    The finding of the jury to be reported to this court, with the charge of the judge to them.    As the possession is in the complainant, and as the said defendants set up adverse title, let them be the actors in said issue.    See *Muldrow* v. *Jones*, Rice, Law, 64.